# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| **U.S. BANK NATIONAL ASSOCIATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:07-CV-69** |
| | ) | |
| **DENISE A. LONG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## STIPULATED TEMPORARY RESTRAINING ORDER

This matter came before the Court upon the Emergency Motion for Temporary Restraining Order and Preliminary Injunction of Plaintiff U.S. Bank National Association ("U.S. Bank"). Defendant Denise A. Long appears by counsel for purposes of this Temporary Restraining Order, without waiving any defenses (including defenses as to jurisdiction or defenses that relate to the allegations of the Complaint) that may exist. The Court hereby enters this Temporary Restraining Order based upon the agreement of the parties. In making such an agreement, Defendant Long makes no admission of and the Court makes no finding of wrongdoing or liability by Defendant.

It is hereby ordered that Defendant Denise A. Long, shall:

> A.    Treat as confidential all records of U.S. Bank, whether in original, duplicated, copied, recorded, computerized or other form, that contain or refer to confidential or proprietary information of U.S. Bank or its customers, including:
>
> (i)    the names, addresses, and telephone numbers of its customers and prospective customers, the investment portfolios of its customers and any information concerning customers' past, present, or future investment activities, any documents or records reflecting work in process, and any information relating to U.S. Bank's customers' banking or trust relationships, customers' income, net worth or other business or personal financial information.

The phrase "treat as confidential" means that defendant shall not use any such information for the purposes described in Section C, below.

B.  Return to U.S. Bank all Confidential Information of U.S. Bank, including any original, computerized or duplicated records or portions of records.

"Confidential Information" does not include names, addresses, and telephone numbers compiled by memory or contained in personal documents or equipment owned by Denise Long, or from public sources; provided that this same information did not originate from any U.S. Bank business records, whether computerized or otherwise. The parties have agreed to cooperate regarding determination of what documents fall within the definition of Confidential Information and thereafter arrange for the delivery of such information to U.S. Bank.

C.  Immediately refrain from, until further Order of this Court, directly or indirectly, on behalf of herself or on behalf of any other individual, association or entity, as an agent or otherwise:

    (i)   contacting any of the customers of U.S. Bank for whom she directly performed any services or had any direct business contact for the purpose of soliciting business or inducing such client to acquire any product or service that currently is provided or under development by U.S. Bank from any entity other than U.S. Bank; or

    (ii)  contacting any of the customers or prospective customers of U.S. Bank whose identity or other customer specific information she discovered or gained access to as a result of her access to U.S. Bank's Confidential Information for the purpose of soliciting or inducing any of such customers or prospective customers to acquire any product or service that currently is provided or under development by U.S. Bank from any entity other than U.S. Bank; or

    (iii) utilizing U.S. Bank's Confidential Information to solicit, influence, or encourage any customers or prospective customers of U.S. Bank to divert or direct their business to her or any other person, association or entity by or with whom she is employed, associated, engaged as agent or otherwise affiliated.

A contact by defendant that does not contain or refer to a request for business is not a contact for the purpose of soliciting or inducing the customer to acquire any product or service that is currently provided by U.S. Bank.

The parties shall attempt to resolve any issues regarding interpretation of this Stipulated Temporary Restraining Order.

This Stipulated Temporary Restraining Order shall remain in effect until February 28, 2007, and in no event shall there be a prohibition on defendant soliciting U.S. Bank customers on or after November 1, 2007.

SO ORDERED: *[signature]*

Hon. Richard E. Webber

DATED: *January 23, 2007* 2007

*[signature]*

Jay M. Dade
Shughart Thomson & Kilroy, P.C.
901 St. Louis, Suite 1200
Springfield, MO 65806
417-869-3353 - Telephone
417-869-9943 – Facsimile
jdade@stklaw.com

Attorney for Plaintiff

*[signature]*

Erwin O. Switzer, III, # 4513
Jeffrey L. Wax, # 512921
Carmody MacDonald P.C.
120 South Central, Suite 1800
Clayton, Missouri 63105
(314) 854-8600 – Telephone
(314) 854-8660 – Facsimile
eos@carmodymacdonald.com
jlw@carmodymacdonald.com

Attorney for Defendant